CROSSMAN, Appellant, vs. GIBNEY, Respondent.

*November 14—December 5, 1916.*

*Partnership: Dissolution by one partner in contravention of agreement: Right to continue business: Possession of land: Accounting: Ejectment.*

A partnership pursuant to which defendant was to occupy and operate for three years a farm owned by plaintiff and they were to share profits and losses equally, was dissolved "in contravention of the agreement between the partners" (sub. (2), sec. 1724m—26, Stats. 1915) by a written notice given by plaintiff declaring such agreement terminated on a date named prior to the expiration of the three years; and, the defendant not having in any manner complied with sub. 2, sec. 1724m—33, Stats., so as to entitle him to continue the business, his right to the possession of the farm terminated on the date named, even though at that time there had been no accounting including his claim against plaintiff for damages on account of the dissolution.

APPEAL from a judgment of the circuit court for Vernon county: E. C. HIGBEE, Circuit Judge. *Reversed.*

This is an action in ejectment brought by the plaintiff to oust the defendant from possession of certain farm lands.

The plaintiff owns a farm in Vernon county. On January 5, 1915, he entered into a partnership agreement in writing with the defendant by the terms of which the defendant was to occupy the farm and operate it to conduct the partnership business pursuant to this agreement. For this purpose the plaintiff was also to furnish the seed and a part of the stock and the defendant agreed to do the necessary work and to furnish a part of the stock. The agreement provides "that the losses and profits shall be equally borne by the parties," that they shall be deemed in possession of the crops as partners and entitled to the rights and subject, in respect to the business, to the liabilities of partners. The contract further provides that it shall continue for a term of three years from February 1, 1915, and that an accounting shall be made on

the 1st day of February of each year, and that defendant's occupancy of the farm shall be deemed the possession of both parties.    It contains provisions relative to the payment of the expense of threshing and harvesting and as to the amount of land to be plowed, and others which need not be repeated here.

On December 31, 1915, plaintiff served on defendant a notice in writing terminating the agreement. . The plaintiff's agent and the defendant on or about February 1, 1916, adjusted the claims of the parties and settled all of the accounts up to that day except the division of some young stock.    On March 8, 1916, a formal demand in writing was served on the defendant by plaintiff requiring defendant to deliver the premises to plaintiff.    The defendant refused to deliver the possession of the farm to plaintiff, and this action of ejectment was commenced soon thereafter.

The trial court held that the parties to the action were partners for the purposes of the business embraced in their written agreement, but the plaintiff was not entitled to prosecute this action in ejectment until an accounting and settlement of the partnership affairs had been had, including a determination of what damages defendant sustained as the result of plaintiff's breach of the partnership agreement, and hence awarded judgment dismissing plaintiff's complaint.    From such judgment this appeal is taken.

For the appellant there was a brief by *Henry C. Rowan* and *Grotophorst & Thomas,* and oral argument by *H. H. Thomas.*

*C. J. Smith,* for the respondent.

SIEBECKER, J.    There is no dispute regarding the facts as stated above, and the only inquiry is whether the plaintiff, under these facts and circumstances, is entitled to recover possession of his farm from the date the partnership agreement was terminated, February 1, 1916, by the written no-

tice of plaintiff of December 31, 1915. The rights of the parties are controlled by the law governing partnership affairs as declared in "The Uniform Partnership Act" (sec. 1724m—1 to sec. 1724m—38, Stats. 1915). Sub. (2), sec. 1724m—26, provides that a partnership dissolution is caused "In contravention of the agreement between the partners, where the circumstances do not permit a dissolution under any other provision of this section, *by the express will of any partner at any time.*" The only fact in the case operating to show a dissolution of the partnership is the action of the plaintiff by his written notice of December 31, 1915, declaring the partnership agreement terminated as of February 1, 1916. This, under the circumstances, constituted a dissolution of the partnership by the plaintiff in contravention of the agreement. It is not seriously contested but that plaintiff could in law do this and thereby render himself liable for the damages he caused the defendant as the other member of the partnership. Under this state of affairs the partnership was terminated unless defendant, pursuant to the provision of sec. 1724m—33, continued the business in the same name upon the conditions prescribed therein by sub. 2, "when dissolution is caused in contravention of the partnership agreement. . . ." The condition prescribed by this statute to enable defendant to continue the business of the partnership for the specified term requires that he apply the partnership property to the payment of plaintiff's interest therein, less the amount of damages plaintiff's termination of the partnership caused defendant, or to secure by bond the payment of the value of plaintiff's interest, less the damages which plaintiff caused defendant by terminating the partnership agreement. There is no showing that defendant has done either of these things or in any manner complied with the law to entitle him to continue the partnership business after the termination of the agreement on February 1, 1916. It is manifest that the partnership is terminated and that the defendant has no right

to continue the partnership business.    Under these circumstances he has no right to remain in possession of the farm under the partnership arrangements.    The farm was at no time a partnership asset, and the right to occupy it for carrying on the partnership business ceased at the time the partnership was terminated, namely, February 1, 1916.    Under this state of the case defendant had no legal right to withhold possession thereof from the plaintiff.    It is no answer to say that because no partnership accounting has been had the plaintiff is not entitled to the possession of his farm.    Defendant's right to the possession thereof ceased on February 1, 1916, unless he complied with sec. 1724$m$—33 for continuance of the business.    This he has failed to do.    His right to an accounting of the partnership affairs does not vest in him the right to continue in possession of the farm after the partnership ceased.    The defendant's right to an accounting including his claim for damages against plaintiff for dissolution of the partnership in contravention of the agreement, and to have the partnership property applied in payment of his claim, including damages, does not include the right to occupy the farm under the terms of the partnership agreement.    The necessary consequence is that defendant unlawfully withholds the farm from plaintiff, that plaintiff is entitled to the possession thereof, and hence he is entitled to judgment awarding him possession of the farm and his damages for the unlawful dispossession by the defendant.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded with direction that judgment be awarded in plaintiff's favor as indicated in the foregoing opinion.